**WO**                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Pete Ortega, | No. CV 07-2451-PHX-MHM (JCG) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

On December 3, 2007, Plaintiff Ernie Pete Ortega, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*. In a December 14, 2007 Order (Doc. #3), the Court denied the Application to Proceed because it was incomplete. The Court gave Plaintiff 30 days to file a complete Application to Proceed.

On January 15, 2008, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #4). The Court will grant the second Application to Proceed, will order Defendant Hewitt to answer Count Two of the Complaint, and will dismiss the remaining claims and Defendants without prejudice.

**I.    Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C.

**TERMPSREF**

1  § 1915(b)(1).  The Court will assess an initial partial filing fee of $0.57.  The remainder of
2  the fee will be collected monthly in payments of 20% of the previous month's income each
3  time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will
4  enter a separate Order requiring the appropriate government agency to collect and forward
5  the fees according to the statutory formula.

6  **II.**     **Statutory Screening of Prisoner Complaints**

7  The Court is required to screen complaints brought by prisoners seeking relief against
8  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
9  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
10 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
11 be granted, or that seek monetary relief from a defendant who is immune from such relief.
12 28 U.S.C. § 1915A(b)(1), (2).

13 **III.**    **Complaint**

14 In his three-count Complaint, Plaintiff sues Defendants Arizona Department of
15 Corrections Director Dora B. Schriro, Corrections Officer III E. Hewitt, and John Doe
16 Corrections Officers.

17 In Count One, Plaintiff alleges he has been denied his Fourteenth Amendment right
18 of access to the courts because his property, including his legal files in an ongoing state-court
19 appeal, were lost during his transfer between units.

20 In Count Two, Plaintiff asserts that Defendant Hewitt violated Plaintiff's Fourteenth
21 Amendment rights and retaliated against him. Specifically, Plaintiff contends that Defendant
22 Hewitt purposely denied a grievance and then refused to provide Risk Management forms
23 to Plaintiff even after the deputy warden (1) found in Plaintiff's favor on appeal of the denial
24 of the grievance and (2) informed Plaintiff that Defendant Hewitt would provide Plaintiff
25 with the Risk Management forms.

26 In Count Three, Plaintiff alleges a violation of his Fourteenth Amendment rights.  He
27 states that Arizona Department of Corrections staff reclassified him without his knowledge,
28 the reclassifications were approved by Defendant Schriro, and Plaintiff was not afforded his

1 right to be present or his right to appeal the reclassification orders pursuant to Arizona
2 Department of Corrections' policy.

3     In his Request for Relief, Plaintiff seeks monetary damages, a transfer to a level 3
4 yard, the removal of Defendant Hewitt from "the CO III position," and a ban on Defendant
5 Hewitt participating in the grievance system.

6 **IV.  Failure to State a Claim** – **Counts One and Three**

7     In Count One, Plaintiff has failed to state a claim for the denial of his access to the
8 courts because he has alleged nothing more than the negligent misplacement of his property.
9 See Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause [of the
10 Fourteenth Amendment] is simply not implicated by a *negligent* act of an official causing
11 unintended loss of or injury to life, liberty, or property.") (emphasis in original); see also
12 Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) ("[P]laintiff's claim that a right of
13 access to the courts has been impeded requires him to allege intentional conduct . . . . By
14 contrast, when access to courts is impeded by mere negligence, as when legal mail is
15 inadvertently lost or misdirected, no constitutional violation occurs.") (footnote and citations
16 omitted); Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995) ("Daniels bars an action under § 1983
17 for negligent conduct that results in a denial of access to the courts.")

18     In Count Three, Plaintiff has also failed to state a claim because a prisoner has no
19 constitutional right to enjoy a particular security classification. See Meachum v. Fano, 427
20 U.S. 215, 224-25 (1976); Meachum v. Terhune, 476 F.3d 716, 178 (9th Cir.) (classification
21 in level 4 prison rather than level 3 prison did not present an atypical and significant
22 hardship), cert. denied, 128 S. Ct. 396 (2007).  In addition, there is "no legitimate claim of
23 entitlement to a grievance procedure."  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).
24 Therefore, the Court will dismiss Counts One and Three and Defendants Schriro and John
25 Doe Corrections Officers.

26 **V.  Claim for Which an Answer Will be Required**

27     Liberally construed, Plaintiff has stated a claim against Defendant Hewitt in Count
28 Two, and the Court will require Defendant Hewitt to answer Count Two of the Complaint.

**VI.	Warnings**

**A.	Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.	Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.	Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.	Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)	Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

(2)	As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $0.57.

1  (3) Counts One and Three and Defendants Schriro and John Doe Corrections
2 Officers are **dismissed** without prejudice.

3  (4) Defendant Hewitt must answer Count Two.

4  (5) The Clerk of Court must send Plaintiff a service packet including the
5 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
6 Defendant Hewitt.

7  (6) Plaintiff must complete and return the service packet to the Clerk of Court
8 within 20 days of the date of filing of this Order. The United States Marshal will not provide
9 service of process if Plaintiff fails to comply with this Order.

10  (7) If Plaintiff does not either obtain a waiver of service of the summons or
11 complete service of the Summons and Complaint on Defendant within 120 days of the filing
12 of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
13 may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

14  (8) The United States Marshal must retain the Summons, a copy of the Complaint,
15 and a copy of this Order for future use.

16  (9) The United States Marshal must notify Defendant of the commencement of this
17 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
18 Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The
19 Marshal must immediately file requests for waivers that were returned as undeliverable and
20 waivers of service of the summons. If a waiver of service of summons is not returned by
21 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
22 Marshal must:

23   (a) personally serve copies of the Summons, Complaint, and this Order upon
24  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

25   (b) within 10 days after personal service is effected, file the return of service
26  for Defendant, along with evidence of the attempt to secure a waiver of service of the
27  summons and of the costs subsequently incurred in effecting service upon Defendant.
28  The costs of service must be enumerated on the return of service form (USM-285) and

1 must include the costs incurred by the Marshal for photocopying additional copies of
2 the Summons, Complaint, or this Order and for preparing new process receipt and
3 return forms (USM-285), if required. Costs of service will be taxed against the
4 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
5 Procedure, unless otherwise ordered by the Court.

6 (10) **If Defendant agrees to waive service of the Summons and Complaint,**
7 **Defendant must return the signed waiver forms to the United States Marshal, not the**
8 **Plaintiff.**

9 (11) Defendant must answer the Complaint or otherwise respond by appropriate
10 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
11 Rules of Civil Procedure.

12 (12) This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rules
13 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

14 DATED this 25th day of January, 2008.

_____
Mary H. Murguia
United States District Judge