# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ernie Pete Ortega,

    Plaintiff,

vs.

Dora Schriro, et. al.,

    Defendants.

CV 07-2451-PHX-MHM (JCG)

**REPORT & RECOMMENDATION**

Pending before the Court is a Motion for Leave to Amend the Complaint filed by Plaintiff on March 11, 2009. (Doc. No. 48.) Defendants did not file a response to the Motion. The Magistrate recommends that the Motion for Leave to Amend be granted; the Magistrate has also screened the Proposed Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and recommends that portions of the Proposed Second Amended Complaint be dismissed.

## PROCEDURAL HISTORY

On December 3, 2007, Plaintiff Ernie Pete Ortega, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The Court granted Plaintiff's second Application to Proceed *in Forma Pauperis* on April 15, 2008. (Doc. No. 13.) On that same date, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), ordered Defendant Hewitt to answer Count Two of the Plaintiff's original Complaint, and dismissed

the remaining claims and Defendants without prejudice. (*Id.*)

On May 13, 2008, Plaintiff filed his First Amended Complaint.[1] (Doc. No. 14.) Pursuant to Rule 15(1)(A), Plaintiff was entitled to amend his Complaint as of right because Defendant Hewitt had not yet filed a responsive pleading. Defendant Hewitt was served on July 14, 2008. (Doc. No. 15.)

On July 17, 2008, Defendant Hewitt filed a Motion for Screening Order, requesting that Plaintiff's First Amended Complaint be screened pursuant to 28 U.S.C. § 1915A(a) and that Defendant Hewitt be relieved of any requirement to file a responsive pleading to the First Amended Complaint until a new screening order is issued. (Doc. No. 16.) On August 22, 2008, the Magistrate issued a Report & Recommendation, recommending that: (1) Counts 1, 2 and 4 of the First Amended Complaint be dismissed without prejudice; (2) requiring Defendant Hewitt to answer Counts 3 and 5; (3) requiring Defendants Kraicinski, Sambora and Owens to answer Count 5; and (4) requiring Defendant Durrenburg to answer Counts 7 and 8. (Doc. No. 26.) The Report & Recommendation was adopted by the district court on October 1, 2008. (Doc. No. 30.)

Defendant Hewitt filed a Motion to Dismiss Counts 3 and 5 on October 7, 2008. (Doc. No. 31.) That Motion has been fully briefed and is pending in the district court. Plaintiff has completed and returned service packets for Defendants Kraicinski, Sambora, Owens and Durrenburg; those service packets have been processed by the U.S. Marshal's Office and the Marshals are in the process of serving Defendants Kraicinski, Sambora, Owens and Durrenburg. (Doc. No. 47.)

On March 11, 2009, Plaintiff filed a Motion for Leave to Amend his complaint and lodged with the Court a Proposed Second Amended Complaint ("Second Amended Complaint"). (Doc. Nos. 48 & 49.)

---

[1] The First Amended Complaint was filed without Plaintiff's signature. On July 29, 2008, the Court issued an Order requiring Plaintiff to complete and return a certificate form certifying that Plaintiff's signature on the form shall serve as an original signature on the First Amended Complaint. Plaintiff returned the certificate form on August 19, 2008.

**ANALYSIS**

**1.     Motion for Leave to Amend**

The Federal Rules of Civil Procedure provide: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  Rule 15(a), Fed.R.Civ.P.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court may grant leave to amend "freely" "when justice so requires."  However, the policy toward permitting liberal amendment of pleadings must be tempered with considerations of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Upon review of the Proposed Second Amended Complaint, the Magistrate recommends that Plaintiff be permitted to amend.  As stated in Section 2, below, some of the counts of Plaintiff's Proposed Second Amended Complaint properly allege claims for relief.  Given the procedural posture of the case, the Court finds that amendment will not cause undue delay.  There is no evidence before the Court to suggest that Plaintiff has acted in bad faith or with dilatory motive.  Plaintiff has not repeatedly failed to cure deficiencies identified in previous amendments.  Defendants will not suffer undue prejudice if amendment is permitted.  Although some of the proposed amendments are futile because they are without legal merit, the Magistrate recommends that the amendment be permitted and that the futile claims be dismissed during screening pursuant to 28 U.S.C. § 1915A(a).

Finally, because Plaintiff has had two opportunities to amend his complaint, the Magistrate recommends that the district court exercise its discretion and order that no further amendments be permitted.

**2.     Screening of the Proposed Amended Complaint**

In his six-count Proposed Second Amended Complaint, Plaintiff sues Defendants already named in his Amended Complaint, as well as numerous additional defendants (Dora B. Schriro and various corrections officers).

In Count One, Plaintiff alleges that Defendant Hewitt violated Plaintiff's First Amendment rights when he purposely denied a grievance and then refused to provide Risk Management forms to Plaintiff even after the deputy warden (1) found in Plaintiff's favor on appeal of the denial of the grievance and (2) informed Plaintiff that Defendant Hewitt would provide Plaintiff with the Risk Management forms.[2] Liberally construed, Plaintiff has stated a viable claim of First Amendment retaliation. The Magistrate recommends that Defendant Hewitt be required to answer Count One of the Proposed Second Amended Complaint.

In Count Two, Plaintiff alleges that Defendants Hewitt, Kraicinski, Sambora, Owens, and additional defendants Property Officer II Sikori, Chaplain Childs, Corrections Officer III Provencio and Chaplain Henderson violated his First Amendment rights when: (1) Defendant Hewitt arranged for Plaintiff to be transferred to another unit; (2) Property Officer Sikori refused to issue Plaintiff needed clothing, repair his sink or issue him personal and legal property; (3) Defendants Kraicinski and Owens held Plaintiff's legal documents and refused to copy them; (4) Chaplain Childs refused to issue Plaintiff his Native American Religious Church items; (5) Defendant Sambora refused to process Plaintiff's grievances; (6) Corrections Officer Provencio delayed Plaintiff's grievances; (7) Chaplain Henderson refused Plaintiff's request for a special religious diet. Liberally construed, Plaintiff has stated a viable claims of First Amendment retaliation. Thus, the Magistrate recommends that Defendants Hewitt, Kraicinski, Sambora, Owens, Property Officer II Sikori, Chaplain Childs, Corrections Officer III Provencio and Chaplain Henderson be required to answer Count Two

---

[2] Count One of the Proposed Second Amended Complaint is the same as Count Three of Plaintiff's First Amended Complaint, which the Court ordered Defendant Hewitt to answer.

of the Complaint.*³*

In Count Three of his Proposed Second Amended Complaint, Plaintiff alleges that Defendant Durrenburg violated his Eighth Amendment rights by sending him to the Health Unit via the West Yard, causing Plaintiff to be attacked.⁴ Plaintiff has properly alleged a claim against Defendant Durrenburg for deliberate indifference/failure to protect in violation of the Eighth Amendment.

In Count Four of his Proposed Second Amended Complaint, Plaintiff makes two allegations. First, Plaintiff alleges that Defendant Durrenburg falsified disciplinary reports following the attack on Plaintiff, in violation of Plaintiff's Fourteenth Amendment rights, because Plaintiff is Native American. This allegation is identical to Count Seven of Plaintiff's First Amended Complaint, which the Court required Defendant Durrenburg to answer. Second, Plaintiff alleges that additional defendants Corrections Officer III Provencio, Corrections Officer III Weerts and D.W. Kimble all denied Plaintiff's grievance regarding Defendant Durrenburg's actions in further violation of Plaintiff's Fourteenth Amendment rights. This second allegation fails to state a claim. A prisoner does not have a protected liberty interest in prison grievance procedures. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898 (1988). The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, Plaintiff has failed to state a Fourteenth Amendment claim against Corrections

---

³ Count Two of Plaintiff's Proposed Second Amended Complaint is essentially a restatement of Count Five of Plaintiff's First Amended Complaint, except that Plaintiff has now specifically named defendants Property Officer II Sikori, Chaplain Childs, Corrections Officer III Provencio and Chaplain Henderson. The Court previously ordered Defendants Hewitt, Kraicinski, Sambora and Owens to answer Count Five of the First Amended Complaint.

⁴ Count Three of the Proposed Second Amended Complaint is identical to Count Six of Plaintiff's First Amended Complaint, which the Court ordered Defendant Durrenberg to answer.

Officer III Provencio, Corrections Officer III Weerts and D.W. Kimble.

In Count Five of his Proposed Second Amended Complaint, Plaintiff alleges a claim not previously alleged in his First Amended Complaint: Plaintiff claims that Defendants Special Security Officer Sgt. Antonelli and D.W. Carrillo violated Plaintiff's Fourteenth Amendment rights when they moved Plaintiff to the East Yard, where he was assaulted due to his race. Liberally construed, Count Five properly alleges a claim against Defendants Antonelli and Carrillo for deliberate indifference/failure to protect in violation of the Eighth Amendment.

In Count Six of his Proposed Second Amended Complaint, Plaintiff alleges that additional defendants Corrections Officer III Gordon, D.W. Carrillo, Sgt. Grabowski, Corrections Officers III Matthews, Corrections Officer III Camacho, Corrections Officer II Haggie, S.S.U. Sgt. Antonelli, C.D.U. Property Officer Russell, Property Officer Dankek, Sgt. O'Connor, Corrections Officer Sheridan, Corrections Officer III Woods, Librarian Cooper and unidentified John Doe officers violated his First Amendment rights. In support of this claim, Plaintiff provides a lengthy list of events – ranging from interference with grievance procedures to mishandling property to placement decisions to issuing tickets to Plaintiff for his hairstyle – which he claims occurred in retaliation against him. To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff does not allege specifically how any of the defendants identified in Count Six personally participated in the deprivation of Plaintiff's constitutional rights. Because Plaintiff has failed to demonstrate the link between Defendants' conduct and his alleged injuries, Plaintiff has failed to state a claim in Count Six.

## RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court issue an Order:

1. GRANTING Plaintiff's Motion for Leave to Amend (Doc. No. 48);
2. ORDERING that the Proposed Second Amended Complaint currently lodged at Doc. No. 49 be filed by the Clerk of the Court;
3. DISMISSING Count Six of Plaintiff's Proposed Second Amended Complaint;
4. DISMISSING Defendants Dora B. Schriro, Zaborski, Kimble, Weerts, Marrow, Littleton, Gordon, Grabowski, Matthews, Camacho, Haar, Haggie, Russell, Dankek, O'Connor, Sheridan, Woods, Scott, Cooper, #2818 and unidentified John Doe officers;
5. DIRECTING the Clerk of the Court to send Plaintiff a service packet, summons and request for waiver forms for Defendants Sikori, Childs, Provencio, Henderson, Antonelli and Carrillo;
6. ORDERING Defendants Kraicinski, Sambora, Owens, Sikori, Childs, Provencio and Henderson to answer or otherwise respond to Count 2;
7. ORDERING Defendant Durrenberg to answer or otherwise respond to Counts 3 and 4;
8. ORDERING Defendants Antonelli and Carrillo to answer or otherwise respond to Count 5;
9. Construing Defendant Hewitt's Motion to Dismiss Counts 3 and 5 of the First Amended Complaint as a Motion to Dismiss Counts 1 and 2 of the Second Amended Complaint, as the allegations against Defendant Hewitt remain essentially the same (Doc. No. 31);
10. ORDERING that Plaintiff is not permitted any further amendment of his complaint.

DATED this 3rd day of April, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge