**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Pete Ortega,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Defendant. | No. CV-07-2451-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendants' Motion to Dismiss Counts Three and Five of Plaintiff's Amended Complaint, (Dkt.#31.), Plaintiff's Motion for De Novo Review of Counts Six and Seven in the Amended Complaint, (Dkt.#33.), Motion for Leave to Amend Complaint, (Dkt.#48.), and Magistrate Judge Jennifer C. Guerin's Report and Recommendation. (Dkt.#55.)  After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

**STANDARD OF REVIEW**

The Court reviews the legal analysis in the Report and Recommendation de novo and the factual analysis de novo for those facts to which objections are filed, and for clear error for those facts to which no objections are filed. See 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc).

**FACTUAL BACKGROUND**

On May 13, 2008, Plaintiff Ernie Pete Ortega, *pro se*, filed a First Amended Complaint against the instant Defendants asserting claims under 42 U.S.C. § 1983. On October 1, 2008, this Court adopted Magistrate Judge Jennifer C. Guerin's Report and Recommendation ("R&R") on Defendant Hewitt's Motion for a Screening Order. In adopting the Magistrate Judge's recommendations, this Court ordered that Counts I, II and IV in Plaintiff's First Amended Complaint be dismissed without prejudice, that Defendant Hewitt answer Counts III and V, that Defendants Kraicinski, Sambora and Owens answer Count V, and that Defendant Durrenburg answer Counts VII and VIII. Defendants then moved to Dismiss Plaintiff's First Amended Complaint, to which Plaintiff responded by filing a Motion for Leave to Amend his Complaint while simultaneously lodging a proposed Second Amended Complaint.

On April 3, 2009, Magistrate Judge Guerin issued another R&R which recommended granting Plaintiff's Motion for Leave to Amend and the District Court not permit additional amendments. The Magistrate Judge also screened Plaintiff's Second Amended Complaint and recommend (1) dismissing Count VI in its entirety, (2) dismissing from the case Defendants Dora B. Schriro, Zaborski, Kimble, Weerts, Marrow, Littleton, Gordon, Grabowski, Matthews, Camacho, Haar, Haggie, Russell, Dankek, O'Connor, Sheridan, Woods, Scott, Cooper, #2818 and unidentified John Doe officers, (3) directing the Clerk of the Court to send Plaintiff a service packet, summons and request for waiver forms for Defendants Sikori, Childs, Provencio, Henderson, Antonelli and Carrillo, (4) ordering Defendants Kraicinski, Sambora, Owens, Sikori, Childs, Provencio and Henderson to answer or otherwise respond to Count II, (5) ordering Defendant Durrenberg to answer or otherwise respond to Counts III and IV, (6) ordering Defendants Antonelli and Carrillo to answer or otherwise respond to Count V, and (7) Construing Defendant Hewitt's Motion to Dismiss Counts III and V of the First Amended Complaint as a Motion to Dismiss Counts I and II of the Second Amended Complaint, as the allegations against Defendant Hewitt remain essentially the same.

On April 24, 2009, Plaintiff lodged objections to the Magistrate Judge's Report and Recommendation.

**ANALYSIS**

The Court first notes that it will adopt the portions of Magistrate Judge Guerin's R&R that were not objected to by the Parties. The only remaining issues therefore concern the portions of the R&R for which there are objections. Plaintiff has objected to several aspects of the R&R. First, Plaintiff objects to the recommendation that he not be permitted further amendments. Next, Plaintiff objects to the dismissal of Count VI, as well as the dismissal of Defendants Provencio, Weerts and Kimble from Count IV of the Second Amended Complaint. Lastly, Plaintiff asks the Court to permit him to include Corrections Officers Zaborski, Kimble and Kluff as Defendants under Count I of the Second Amended Complaint.

Turning to the substance of Plaintiff objections, the Court notes that it agrees with the Magistrate Judge's recommendation that Plaintiff should not be permitted to amend his Complaint for a third time. This case was filed in December 2007 and it is rapidly approaching the two year mark. In the interests of judicial economy and fairness to the named Defendants, Plaintiffs case must begin to proceed forward without the potential delays that might be caused by any future amendments.

With respect to the dismissal of Count VI of the Second Amended Complaint, the Court agrees with the Magistrate Judge's finding that Plaintiff has failed to state a valid claim for retaliation under the First Amendment to the United States Constitution. As the Magistrate Judge correctly noted, there is nothing in Count VI that specifically ties the proposed Defendants to any alleged unconstitutional conduct. Instead of asserting concrete allegations against specific Defendants, Count VI appears to contain nothing more than an assortment of vague and generalized allegations that are raised against no individual Defendant in particular. To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). While Rule 8 of the Federal Rules of Civil Procedure does not demand detailed factual allegations, "it

1 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Court will next address the Magistrate Judge's determination regarding Count IV of the Second Amended Complaint. Specifically, Magistrate Judge Guerin recommended that Plaintiff failed to state a Fourteenth Amendment against Defendants Provencio, Weerts and Kimble claim for being allegedly denied a grievance form to complain about an incident involving Defendant Durrenburg. The Court agrees with the Magistrate Judge on this point of law. A prisoner does not have a protected liberty interest in prison grievance procedures, and the mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898 (1988).

Furthermore, the Court will not accept Plaintiff's suggestion to permit him to add Corrections Officers Zaborski, Kimble and Kluff as Defendants under Count I of the Second Amended Complaint.

Lastly, it should be noted that under Ninth Circuit law, after amendment the original pleading is treated as nonexistent. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, the Court declines to construe Defendant Hewitt's Motion to Dismiss Counts III and V of the First Amended Complaint as a Motion to Dismiss Counts I and II of the Second Amended Complaint. In other words, the original 12(b)(6) motion filed by Defendants will be treated as moot and there will be another opportunity to file Rule 12 motions and a responsive pleading.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting as the Order of the Court the Magistrate Judge's Report and Recommendation, to the extent it is consistent with the instant Court Order. (Dkt. #55.)

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Dismiss Counts Three and Five of Plaintiff's Amended Complaint. (Dkt.#31.)

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for De Novo Review of Counts Six and Seven in the Amended Complaint. (Dkt.#33.)

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to Amend Complaint. (Dkt.#48.)

**IT IS FURTHER ORDERED** denying Defendants' Motion for Status as moot. (Dkt.#74.)

DATED this 19th day of August, 2009.

Mary H. Murguia
United States District Judge